UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES D. STERGIOS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-480-P-S |
| | ) |
| DAVID EBBERT, Warden, FCI Allenwood, | ) |
| | ) |
| Defendant | ) |

**O R D E R**

Charles Stergios has filed a complaint pursuant to 42 U.S.C. § 1983 and/or the Federal Tort Claims Act, and seeks leave to proceed in forma pauperis. It appears that Stergios is currently housed at the Cumberland County Jail, although he may still be serving the seventy-five month imprisonment sentence imposed by this court in United States v. Stergios, Crim No. 04—110-P-S. In any event, the complaint appears to relate to injury Stergios alleges he received while incarcerated at the Federal Correctional Institute in Allenwood, Pennsylvania in March 2008. Stergios's application to proceed in forma pauperis is incomplete, in that there is no CERTIFIED copy of a ledger and affidavit signed by an authorized individual at the institution showing the activity in his prisoner account with the Cumberland County Jail for the last six months. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees or security therefore, in addition to filing the affidavit...shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which [he] is or was confined") (emphasis added).

The Clerk is hereby directed to forward a form application to proceed in forma pauperis, incorporating the amendments, to Stergios.  Stergios is hereby ORDERED to file an amended application to proceed in forma pauperis, or pay the filing fee of $350, no later than October 21, 2009, failing which I will enter a recommendation that this matter be dismissed for lack of prosecution.

Stergios is also placed on notice that the complaint he has filed with this court does not state a plausible claim and that, if he is ultimately granted leave to proceed in forma pauperis, Stergios's current complaint might well be subject to summary dismissal upon initial screening pursuant to 28 U.S.C. § 1915A.  Therefore, if Stergios wishes to proceed with a case in this court he should file an amended complaint against David Ebbert by October 21, 2009, and the amended complaint will have to set forth sufficient facts describing Ebbert's role in an alleged constitutional violation and/or tort claim in order to state a claim that would survive initial screening.  See Iqbal v. Ashcroft, __ U.S. __, 129 S.Ct. 1937 (May 18, 2009).

*SO ORDERED*

September 30, 2009

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge