UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES D. STERGIOS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-480-P-S |
| | ) |
| DAVID EBBERT, Warden, FCI Allenwood, | ) |
| | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

Charles Stergios has filed a complaint pursuant to 42 U.S.C. § 1983 and/or the Federal Tort Claims Act, and seeks leave to proceed in forma pauperis. Stergios is currently housed at the Metropolitan Detention Center in Brooklyn, New York. On October 28, 2009, I granted Stergios's application to proceed in forma pauperis with this action and he has now informed the court that he wishes to proceed with this action and incur the cost of the filing fee. In a September 30, 2009, order, I ordered Stergios to file an amended complaint setting forth sufficient facts describing Ebbert's role in any alleged constitutional violation and/or tort claim in order for me to properly evaluate this complaint at the initial screening phase.

In his amended complaint Stergios alleges that David Ebbert, the Warden of FCI Allenwood, Pennsylvania was responsible for Stergios's safety and security when he was incarcerated there and that, although Stergios begged Ebbert's staff to allow him protective custody, he was attacked and physically assaulted in the special management housing unit. In my September 30, 2009, order requiring Stergios to file an amended complaint, I cautioned Stergios that his case might be susceptible to dismissal under Iqbal v. Ashcroft, __ U.S. __, 129 S.Ct.

1937 (May 18, 2009). Stergios's amended complaint does not allege that Ebbert had any direct involvement in the decisions that allegedly led to his assault; indeed he characterizes Ebbert's conduct as negligent. In my view, this amended complaint does not state a claim for relief for supervisor liability in the aftermath of Iqbal because by the allegations of his amended complaint there is no "affirmative link" between Ebbert and the alleged Eighth Amendment violation by the individuals involved in Stergios's classification decisions which put him in harm's way. See Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir.2005); Choate v. Merrill, 08-49-B-W, 2009 WL 3487768, 2 -4 (D.Me. Oct. 20, 2009) (recommended decision).[1] Other than insisting Ebbert was negligent, Stergios has not articulated a tort theory on which he could recover from Ebbert in this court.

Accordingly, I recommend that this court dismiss this action for failure to state a claim. Should the Court not adopt this recommendation then it should consider transferring the case to the District in which Allenwood, Pennsylvania is located.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 6, 2009.

---

1   Stergios cites 42 U.S.C. § 1983 but this would be a claim, like Iqbal's, under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).